QUESTIONS:
1. May a municipality direct its police officers appearing in court off duty to obtain subpoena fees under s. 91.141, F. S., and require them to remit such fees to the city and in return pay the officers overtime as a result of such off-duty appearance?
2. May a municipality in such situation direct its officers to obtain and retain such fees as permitted by statute and then pay them the difference between such fee and the off-duty overtime pay that would be received but for the witness fee?
SUMMARY:
A police officer who appears as a witness off duty during time not compensated as a part of his normal duties may receive and retain the daily witness pay authorized by s. 90.14, irrespective of any local scheme providing additional compensation for the officer.
Your questions appear to arise from the following fact situation. The Lighthouse Point Police Department pays an officer overtime pay at a minimum rate of 2 hours at time-and-a-half his normal rate when such officer appears in court outside his regularly scheduled duty assignment. This system of compensating for court appearances established by your department is independent of the statutory scheme set forth to compensate witnesses by ss. 90.14 and 90.141, which provide as follows:
 90.14 Witnesses; pay. — Witnesses in all cases, civil and criminal, in all courts, now or hereafter created, and witnesses summoned before any arbitrator or master in chancery shall receiver for each day's actual attendance $5 and also 6 cents per mile for actual distance traveled to and from the courts.
 90.141 Law enforcement officers; per diem, expenses; witnesses, pay. — Any law enforcement officer of any municipality, county or the state who shall appear as an official witness to testify at any hearing or law action in any court of this state as a direct result of his employment as a law enforcement officer shall be entitled to per diem and traveling expenses at the same rate provided for state employees under s. 112.061. In addition thereto, such officer shall be entitled to receive the daily witness pay, exclusive of the mileage allowance, as provided by s. 90.14, except when such officer is appearing as a witness during time compensated as a part of his normal duties.
Your questions specifically address the situation in which the officer serves as a witness at a time not compensated as part of his normal duties; i.e., when he is appearing in court at time outside his regularly scheduled duty assignment. Section 90.141 clearly requires that the officer receive the daily witness pay provided in s. 90.14. Your own procedures for paying time-and-a-half overtime are independent of and may not supplant the scheme provided for by a state statute of uniform, statewide application and which authorizes no local alternatives to its application. On the other hand, there appears to be no prohibition against a municipality's provisions of additional compensation when an officer makes an off-duty appearance.
In answer to your first question, it seems to me that an officer appearing in court `off duty' or not receiving compensation `as a part of his normal duties' is entitled to receive the daily witness pay, regardless of any locally devised compensation scheme. Hence, you may not require that officers remit their witness fees to the city in return for overtime pay received. Answering your second question, however, it seems that if the city wishes to employ a method by which an additional amount, however calculated, is paid to officers making such appearance, it may do so. Hence, there is no prohibition against your paying an amount over and above the witness pay calculated, as you suggest, as the difference between the witness fee and the amount that would be received at time-and-a-half the normal salary paid.
Prepared by: Sharyn L. Smith Assistant Attorney General Frank A. Vickory Legal Research Assistant